CV 12 3672

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTINE BOKITKO on behalf of herself and
all other similarly situated consumers

                Plaintiff,

-against-

LAW OFFICE OF COHEN & SLAMOWITZ, LLP

                Defendant.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 24 2012 ★

LONG ISLAND OFFICE

MAUSKOPF, J.

AZRACK, M.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Christine Bokitko seeks redress for the illegal practices of the Law Office of Cohen & Slamowitz, LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to Target National Bank.

5. Upon information and belief, Defendant's principal place of business is located within Woodbury, Nassau County, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Christine Bokitko*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about November 3, 2011 and December 15, 2011 Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

12. Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005) (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3)) Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same) Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same).

13. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

14. The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that

the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

15. Although the Law Office of Cohen & Slamowitz, LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

16. If the Law Office of Cohen & Slamowitz, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

-4-

See, e..g <u>Suquilanda v. Cohen & Slamowitz, LLP</u> No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".

17. On or about November 3, 2011 and December 15, 2011, Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communications is attached hereto.

18. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

20. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

21. The said letters are standardized form letters.

22. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

23. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty two (22) as if set forth fully in this cause of action.

24. This cause of action is brought on behalf of Plaintiff and the members of a class.

25. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter(s) was sent to a consumer seeking payment of a consumer debt owed or purportedly owed to Target National Bank and (c) that the collection letter(s) used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (d) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (e) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 2, 2012


_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508).

P.O. BOX 9012
WOODBURY, NY 11797-9012

**Law Office of**
**Cohen & Slamowitz, LLP**
(516) 686-8992
(800) 293-6006 ext 8992
Fax (516) 908-7993
Firm Representative: Shawn Jeffers

November 3, 2011

CHRISTINE BOKITKO
2171 60TH ST APT 1R
BROOKLYN, NY 11204

RE:
**Debtor: Christine Bokitko**
Creditor: Target National Bank
Account Number: 4352376703531525
C&S File Number: F007618
Balance as of November 3, 2011: $5,317.92

Dear Christine Bokitko:

Please be advised that this office represents Target National Bank in connection with your outstanding bill. Target National Bank has agreed to work with you to resolve this matter to your satisfaction. We understand that your finances may not permit payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1:** 35% Discount<br>Payment Due Date: November 24, 2011 | One Payment of Only<br>$3,456.65 |
| **Option 2:** 20% Discount<br>First Payment Due Date: November 24, 2011 | 3 Monthly Payments of Only<br>$1,418.11 |
| **Option 3:** 24 Monthly Payments; First Payment of $221.58 due November 24, 2011, Followed by 23 monthly payments of $221.58 starting on December 24, 2011. | |

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by November 24, 2011 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Please detach and return this portion with your payment

| Credit Card Used For Payment | | Creditor: Target National Bank |
|---|---|---|
| ☐ Visa  ☐ MasterCard | | C&S File Number: F007618 |
| Card Number | Amount | |
| Signature | Exp. Date | Current Balance: $5,317.92 as of November 3, 2011<br>Offer Expires On: November 24, 2011 |

OPTION SELECTED (please check one):
☐ 1 PAYMENT OF $3,456.65  ☐ 3 PAYMENTS OF $1,418.11 EACH  ☐ 24 PAYMENTS, 1ST PAYMENT: $221.58

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at www.cslawllp.com to make payments online. All payments should be made payable to Target National Bank.



# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8992
(800) 293-6006 ext. 8992
Fax 516 908-7993
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

December 15, 2011

CHRISTINE BOKITKO
2171 60TH ST APT 1R
BROOKLYN NY 11204-2500

    Re:    Creditor: TARGET NATIONAL BANK
            Account No. 4352376703531525
            C&S File No. F007618
            Index No. 081904-11
            Balance Due as of December 15, 2011: $5,457.92

Dear CHRISTINE BOKITKO:

    Please be advised that the balance due on the above referenced account is $5,457.92 as of December 15, 2011.

    If you have any questions, please do not hesitate to contact us. Our friendly and knowledgeable account representatives will be more than happy to discuss this matter with you.

                                      Sincerely,

                                      Cohen & Slamowitz, LLP

P.S. All checks should be forwarded directly to our office and made payable to TARGET NATIONAL BANK  . Our office also accepts Western Union, Money Gram, bank debit cards, MasterCard, VISA, and electronic payments from your bank account via phone, or visit our website at **www.cslawllp.com** to make payments online using your debit card or credit card, or by authorizing an electronic payment from your checking or savings account.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

DBalDue1